UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DARRYL MCKINNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-CV-2655-SPM |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This case is before the Court on Defendant Andrew Saul's ("the Commissioner's") Motion to Reverse and Remand the case to the Commissioner for further administrative action pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). (Doc. 16). Plaintiff has not responded to the motion. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C.§ 636(c)(1). (Doc. 10).

On September 27, 2019, Plaintiff filed a Complaint seeking review of the Commissioner's decision that Plaintiff was not under a disability within the meaning of the Social Security Act. (Doc. 1). The Commissioner filed the answer and the transcript of the administrative proceedings on February 18, 2020. (Docs. 11, 12). Plaintiff filed a brief in support of the complaint on March 16, 2020. (Doc. 13).

On April 22, 2020, the Commissioner filed the instant motion to reverse and remand the case to the Commissioner for further action under sentence four of section 205(g) of the Social Security Act, which permits the Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Commissioner represents in his

- 2 -

motion that upon review of the record, agency counsel determined that remand was necessary for

further evaluation of Plaintiff's claim. The Commissioner states that on remand, the Commissioner

will reassess Plaintiff's residual functional capacity and further consider which Medical-

Vocational guidelines (grid rules) apply to Plaintiff based on Plaintiff's borderline age situation.

The Commissioner states that to the extent direct application of the grid rules does not apply, the

Commissioner will obtain supplemental evidence from a vocational expert to clarify the effect of

the assessed limitations on Plaintiff's occupational base.

Upon review of Plaintiff's brief, the ALJ's decision, and the Commissioner's motion, the

Court agrees with the parties that this case should be reversed and remanded pursuant to sentence

four of 42 U.S.C. § 405(g).

Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's Motion to Reverse and Remand

(Doc. 16) is **GRANTED**.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that decision of the

Commissioner of Social Security is **REVERSED** and that this case is **REMANDED** under

Sentence Four of 42 U.S.C. § 405(g) for reconsideration and further proceedings consistent with

this opinion.

_____

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of May, 2020.